THE DELBRIDGE, BROOKS & FISHER COMPANY v. EDWARD
H. PATTERSON.

*Bills and notes—Recoupment.*

In a suit by a material man upon a note given him by the owner of a building on the order of the contractor for materials furnished the contractor for use in said building, it appeared that no guaranty was exacted from the plaintiff when the

note was given, that no other contract was entered into respecting the material, and that the contractor had accepted the same. And it is held that the defendant could not recoup damages on the ground that the material did not conform to the specifications in the building contract.

Error to Wayne. (Frazer, J.) Argued May 3, 1895. Decided May 21, 1895.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered in this Court for plaintiff. The facts are stated in the opinion.

*E. T. Wood,* for appellant.

*James H. Pound,* for defendant.

McGRATH, C. J. One Crosby contracted to build a house for defendant. Plaintiff furnished the factory work under a contract with Crosby, who gave to plaintiff an order on defendant for $218, the amount of the bill. Defendant, on May 18, 1889, gave his note to plaintiff for the sum named. The note was discounted at the bank, and renewed three times. Defendant made a payment upon the note at each renewal. The last note was given December 31, 1889, for $100, and suit was brought to recover on this note. Defendant, claiming that the factory work furnished by plaintiff was not up to the specifications in his contract with Crosby, gave notice of recoupment, and recovered a judgment against plaintiff for $100.

Defendant's contract respecting the factory work, as well as that of the plaintiff, was with Crosby. Defendant called Crosby, who testified that the factory work was according to contract when delivered, but that the plastering in the house, done in the winter, did not dry out until spring, and that the factory work was affected by the dampness. No guaranty was exacted from plaintiff when the note was given, and no other contract entered into respecting the factory work. Crosby having accepted the work, plaintiff's contract was performed, and it could

not be held liable to defendant for non-performance of Crosby's contract.

The judgment must therefore be reversed, and judgment entered here for plaintiff, with costs of both courts.

The other Justices concurred.